**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 3:15-CR-0214 |
| **JOSE VELAZQUEZ,** | : | |
| | | **(JUDGE MANNION)** |
| Defendant | : | |

## **MEMORANDUM**

Pending before the court are the March 10, 2017 motion of defendant Jose Velazquez, a/k/a "Sev", to withdraw his guilty plea and the motion of William J. Watt, Esquire to withdraw as Velazquez's defense counsel and for appointment of substitute counsel. (Doc. 321, Doc. 322). On April 24, 2017, Watt filed the briefs in support of the stated motions on behalf of the defendant and himself. (Doc. 329, Doc. 330). The government took no position with respect to Watt's motion to withdraw as defense counsel. After being granted an extension of time, the government filed its brief in opposition to defendant's motion to withdraw his guilty plea on May 10, 2017. (Doc. 355). Defendant did not file a reply brief and the time to do so has expired. The court has considered the arguments raised in both motions and in the briefs filed by the parties, as well as the transcript from defendant's guilty plea hearing, (Doc. 351), and, it will **DENY** the motion to withdraw the guilty plea and **GRANT** the motion of counsel to withdraw.

## I. BACKGROUND

On October 18, 2016, a Superseding Indictment was filed charging defendant and his co-defendants with several counts of offenses involving drugs and sex trafficking. Among the charges filed against defendant were conspiracy to distribute and possess with the intent to distribute in excess of 100 grams of heroin, cocaine base ("crack") and Percocet, in violation of 18 U.S.C. §841(a)(1) and §841(b)(1)(B), (Count 1), and sex trafficking by force and coercion, in violation of 18 U.S.C. §1591(a) and (b)(1) and 2, (Count 7). (Doc. 214). On November 8, 2016, defendant and Watt signed a Statement of Defendant that acknowledged defendant's trial rights, which he was waiving by his guilty plea, the nature of the charges to which he was pleading guilty, and the possible maximum sentences that could be imposed for the charges. (Doc. 253.) The Statement of Defendant also stated that no promises, threats or inducements had been made to defendant regarding his guilty plea, that defendant was entering his plea voluntarily, that defendant was admitting the conduct alleged in Counts 1 and 7 of the superseding indictment was true, and that he committed these offenses. Further, defendant signed a motion to withdraw his prior plea of not guilty and to enter his plea of guilty to Counts 1 and 7 of the Superseding Indictment. (Doc. 256).

On November 9, 2016, defendant, who was represented by Watt, pled guilty to Counts 1 and 7 of the Superseding Indictment, pursuant to a written

2

plea agreement, after a hearing was held. (Doc. 260, Doc. 351). At the hearing, defendant indicated that he discussed his plea agreement with Watt and that he was satisfied with Watt's representation.

On January 24, 2017, a draft Presentence Investigation Report ("PSR") was prepared by the probation office. (Doc. 281).

On April 10, 2017, defendant filed his motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), and Watt filed his motion to withdraw as Velazquez's defense counsel. (Doc. 321, Doc. 322). To date, no sentencing date has been set by the court due to the pending motions.

This court has jurisdiction under 18 U.S.C. §3231 and defendant's motion to withdraw his guilty plea is within this court's discretion.

**II. DISCUSSION**

"Once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). "Federal Rule of Criminal Procedure 11 provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." U.S. v. Johnson, 491 Fed.Appx. 326, 329 (3d Cir. 2012) (citing Fed.R.Crim.P. 11(d)(2)(B)). "The burden of

demonstrating a 'fair and just' reason falls on the defendant, and that burden is substantial." Jones, 336 F.3d at 252. "In determining whether a defendant has satisfied his burden, a district court must consider three factors: '(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'" Johnson, 491 Fed.Appx. at 329 (citing Jones, 336 F.3d at 252). "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Johnson, 491 Fed.Appx. at 329 (quoting United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001)). If a defendant fails to meet his burden regarding the first two factors, the government does not need to show prejudice. U.S. v. Shumaker, 475 Fed.Appx. 817, 821 (3d Cir. 2012) (citing United States v. Martinez, 785 F.2d 111, 116 (3d Cir. 1986)).

The court now must consider each of the above factors.

The first factor is defendant's assertion of his innocence. In his motion, defendant seeks to withdraw his guilty plea to the charges in both Counts 1 and 7. He asserts that he is innocent of the charges to which he pled guilty. However, in his brief, defendant only explains how he is allegedly innocent of the charge in Count 7, sex trafficking by force and coercion, and he states,

4

without elaboration, that at a hearing on his motion he will produce evidence to show his innocence, seemingly as to both charges, as well as unspecified "evidence/testimony establishing his lack of knowledge." (Doc. 329, pp. 3-4). Defendant does not address in his brief how he is innocent of the drug charge in Count 1. Nor does he specify what evidence he has to show his innocence regarding Count 7. As the government states, "[defendant] relies on a claim of innocence that is inconsistent with his knowing representations to the contrary on the record." (Doc. 355, p. 8). The Third Circuit has repeatedly held that "[b]ald assertions of innocence are insufficient to permit a defendant to withdraw his guilty plea." Johnson, 491 Fed.Appx. at 329 (quoting Jones, 336 F.3d at 252). "Rather, '[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense.'" Johnson, 491 Fed.Appx. at 329-30 (quoting Brown, 250 F.3d at 818).

With respect to the charge in Count 7, defendant points out it alleges that he forced and coerced the victim, M.F., to engage in commercial sex acts from "in or about 2011 to in or about June 2014." (Doc. 214, p. 15). However, defendant asserts that "he was incarcerated on unrelated offenses from March 25, 2011 through June 25, 2011, October 4, 2011 through March 25, 2012, October 29, 2012 through November 27, 2012 and October 29, 2013 through February 17, 2015." Thus, defendant maintains that "during a substantial portion of the time of the alleged criminal conduct [in Count 7], [he]

5

was incapable of committing criminal conduct." Moreover, defendant admits that while "he was present at the time when prostitution related activities were occurring", he claims that "he never forced or coerced an individual to commit a sex act." (Doc. 329, pp. 3-4).

According to defendant's own representation in his brief, he was not incarcerated during the following relevant times: January 1, 2011 through March 24, 2011; June 26, 2011 through October 3, 2011; March 26, 2012 through October 28, 2012; and November 28, 2012 through October 28, 2013 (i.e., 11 months just for the last period of time). Clearly, defendant was out of prison more than enough time during the relevant period to have committed the acts charged in both Counts 1 and 7 to which he admitted under oath when he pled guilty.

Additionally, as in the Johnson case, 491 Fed.Appx. at 330, defendant "points to nothing in the record to support a defense to the charges or cast doubt on the overwhelming proof of guilt proffered by the government [at the time of his guilty plea]." "Nor does [defendant] provide 'sufficient reasons to explain why contradictory positions were taken before the district court' regarding his guilt." Id. at n. 2 (quoting Jones, 336 F.3d at 253). The court has reviewed the complete transcript from defendant's guilty plea hearing, (Doc. 351), as well as it's extensive colloquy in which the court went into great detail concerning, *inter alia*, the defendant's competence, rights, understanding and

volition in entering a plea, as well as a detailed review of the elements of the charges in Counts 1 and 7, and concluded now as it did then that "it [is] abundantly clear that [defendant] knew exactly what he was pleading to." Id.

Defendant, age 26, was clearly competent when he signed his plea agreement and entered his guilty plea, and he knowingly and voluntarily did both after consulting with counsel. (Doc. 351, p. 16). In fact, defendant was facing several more charges and by entering into the plea agreement with the government and accepting responsibility, he greatly reduced his exposure to incarceration. (Id., pp. 2-4). In the plea agreement, the government specifically agreed that it "will move to dismiss any remaining counts in the superseding indictment against the defendant after sentencing." The government also agreed that "[i]f the defendant can adequately demonstrate an affirmative acceptance of responsibility to the government, the government would recommend that he receive a three-level reduction in his offense level for acceptance of responsibility." (Id., pp. 13-14).

The court also explained to defendant all of the rights that he had if he continued with his plea of not guilty and the rights he was giving up by pleading guilty. (Id., pp. 4-6). The government described the charges in Counts 1 and 7 as well as the potential maximum prison sentences defendant faced for these crimes. (Id., pp. 6-7, p. 13). In fact, with respect to the sex trafficking charge in Count 7, defendant agreed that it related to "the threats

of force or coercion of another individual" but "not as it relates to a minor child." (Id., pp. 9-10). This admission is directly contradictory to defendant's assertion in his brief wherein he states that "when prostitution related activities were occurring, he never forced or coerced an individual to commit a sex act." (Doc. 329, p. 4). As in the *Johnson* case, defendant does not explain in his brief why he took a contradictory position with respect to this charge when he entered his guilty plea before this court. Additionally, the court notes that defendant testified under oath at his guilty plea hearing and the court warned defendant that "if you were to answer any of my questions untruthfully, you would subject yourself to a charge of perjury or false swearing." After the court asked defendant if he understood this, he responded "Yes." (Doc. 351, p. 2).

Further, the record of defendant's guilty plea hearing demonstrates that defendant knew exactly what he was pleading to regarding the charges in both Counts 1 and 7. Specifically, the court stated, "Mr. Valazquez, have you read counts one and counts seven of the indictment and do you understand what they charge you with doing?" and defendant answered, "Yes, sir." (Id., pp. 18-19). Also, the elements of the charges in both Counts were also detailed for defendant and he admitted, under oath, that he was guilty of the charges. Moreover, as the government points out, (Doc. 355, p. 15), in his "Statement of Defendant, the defendant reaffirmed his understanding that by

8

pleading to Counts 1 and 7 of the superseding indictment he was admitting that what the Government says about those counts was true and that he did in fact commit those offenses." Defendant admitted at his plea hearing that he read this document, discussed it with Watt and understood its contents before he signed it. (Doc. 351, pp. 24-25).

It is also clear that the government had significant evidence of defendant's guilt regarding the two crimes he admitted he was guilty of committing. The government stated, "[w]ith respect to the sex trafficking and the prostitution, this activity occurred in the Monroe County area. These -- there were individuals -- adult females who were threatened or forced or coerced to engage in prostitution by threats of force and coercion including the coercive use of drugs to engage in prostitution." The court then asked defendant if he agreed with "the government's summary of those two counts" and defendant replied "Yes." The court then specifically asked defendant if he agreed to the elements of both charges contained in Counts 1 and 7 and explained the elements to him. The court stated, "[a]s to count seven of the superseding indictment, from sometime between 2011 and June of 2014, did you together with another force women or a woman to engage in sex for either money or drugs or other things of that nature?" and defendant replied, "Yes, sir." The court further stated to defendant as follows:

> Q. [ ] "did you understand that prostitution or being involved in prostitution was illegal?

9

A. Yes, sir.
Q. Did you understand that forcing anybody else whether it be for drugs or money or for any other reason or threatening them or coercing them to be involved in that activity was also illegal?
A. Yes, sir.

(Id., pp. 19-23).

The court then asked defendant if he was guilty of the charges in Counts 1 and 7 and he answered "yes", and asked defendant how he pled to these charges and he answered "guilty." (Id., pp. 23-24).

Recently, the Third Circuit in U.S. v. Hannibal, 663 Fed.Appx. 206, 209 (3d Cir. 2016), which affirmed this court's denial of defendant's motion to withdraw her guilty plea and her motion for continuance of sentencing, reiterated that the defendant's assertion of innocence regarding a motion to withdraw a guilty plea "must be supported by some facts in the record, and the defendant must supply sufficient reasons to explain [his] change in position before the district court." (citing Brown, 250 F.3d at 818 (the defendant must present "sufficient reasons to explain why contradictory positions were taken before the district court.")); *see also* Shumaker, 475 Fed.Appx. at 821 ("Defendants are not permitted to rely on 'bald assertions of innocence' to support their withdrawal of a guilty plea, but must support their innocence by facts in the record.") (citing Jones, 336 F.3d at 252).

Here, defendant Velazquez has neither offered any facts in the record nor has he supplied any reasons to explain his change in position at his guilty plea hearing as well as to explain his many now contradictory positions which

he took under oath during his guilty plea hearing. Additionally, defendant expressly admitted at his plea hearing that he did the acts charged in Counts 1 and 7, including "sex trafficking by force or compulsion" regarding Count 7, and that he acted "on [his] own free will" regarding both charges. (Doc. 351, pp. 22-23). With respect to the second factor, the strength of the defendant's reasons for withdrawing his plea, as discussed above, the court has found the two grounds stated by defendant in his brief, namely, about being in prison during some of the relevant time and about not forcing any person to commit a sex act, to lack support in the record and to be completely contrary to his admissions, under oath, during his plea hearing.

Despite the fact that the court has found defendant failed to demonstrate his innocence and failed to proffer any strong reasons justifying his withdrawal of his guilty plea, i.e., defendant has not met his burden by showing that the first two factors support a withdrawal, the court will briefly consider the third factor since defendant addressed the issue of prejudice to the government in his brief.

As for the third factor, the court finds that the government would be prejudiced by a withdrawal of defendant's plea. Defendant merely points out that one of his co-defendants in the superseding indictment is Jamiell Sims and that Sims is charged with the same offenses as he is. Defendant states that since Sims is going to trial on the charges against him and the

11

government will have to present its evidence against Sims, there will be no prejudice to the government and no additional resources will be required if it also has to present this same evidence against him at trial. (Doc. 329, p. 4).

The superseding indictment was filed in October 2016 and the underlying offenses defendant pled guilty to occurred from 2010 to the time of the indictment for Count 1 and from 2011 to June 2014 for Count 7. The government is indeed prejudiced by the fact that the underlying conduct occurred about 3 to 6 years before the withdrawal motion for Count 7 and about 6 months to 7 years prior to the motion for Count 1. *See* Hannibal, 663 Fed.Appx. at 209 (the government may be prejudiced by elapsed time between commission of charged crimes and withdrawal motion). The lapse in time can also lead to lost memories of witness and to lost inculpatory evidence. Further, the government will be prejudiced since it will have to prepare and conduct a trial for defendant Velazquez in addition to Sims' trial which will cost it considerable more time and resources. *See* U.S. v. Schmutzler, 602 Fed.Appx. 871, 873 n. 2 (3d Cir. 2015) (Third Circuit noted that wasted governmental resources constitutes prejudice.). Thus, the court finds that the government will indeed be prejudiced.

The court has considered the three relevant factors and, in its discretion, finds that defendant has not established a "fair and just reason" to withdraw his knowing and voluntary guilty plea to Counts 1 and 7 of the

Superseding Indictment, and finds that defendant has failed to meet his "substantial" burden to withdraw his guilty plea.

The court will now consider whether defendant will be given a hearing regarding his motion. As discussed, defendant has not offered any evidence to date whatsoever regarding his assertion of innocence with respect to the charges in Counts 1 and 7, and he has not even specified what his evidence would be. Nor has defendant proffered any evidence with respect to the first two factors. Further, the court has found no merit to defendant's contentions regarding all three factors. As the government states, (Doc. 355, p. 9), "a court entertaining a motion to withdraw a guilty plea need not hold an evidentiary hearing 'if the allegations in the motion are inherently unreliable, are not supported by specific facts, or are not grounds for withdrawal even if true.'" (citations omitted). As such, defendant will be not be afforded a hearing regarding his withdrawal motion. *See* U.S. v. Schmutzler, 2014 WL 2592728 (M.D.Pa. June 10, 2014), affd. 602 Fed.Appx. 871 (3d Cir. 2015) (district court did not conduct hearing on defendant's motion to withdraw his guilty plea and denied it on the briefs when defendant failed to present a "fair and just" reason to support withdrawing his guilty plea).

Finally, the court will consider the motion of Watt to withdraw as defendant's counsel. To clarify, defendant did not file the motion seeking substitute counsel for Watt and there is no indication in the record that he is

dissatisfied with Watt. Rather, Watt is seeking to withdraw from this case and requesting the court to appoint substitute counsel.

In his motion to withdraw as defendant's counsel in this case, Watt requests the court to appoint substitute counsel based on "an irreconcilable breakdown in the attorney-client relationship and a potential ethical implication." With respect to the alleged irreconcilable breakdown in the attorney-client relationship, Watt states that "there has been an inability to effectively communicate about the case between the Defendant and the undersigned counsel." (Doc. 330, pp. 5-6). With respect to the ethical implications of Watt's continued representation of defendant, Watt explains that while the specific reasons are privileged and protected by the attorney client privilege, he refers to the motion to withdraw guilty plea which he simultaneously filed for defendant. The court has reviewed Watt's reasons to withdraw and finds that good cause for substitution of counsel does exist. Thus, the court will **GRANT** the motion and direct that new counsel be appointed to represent the defendant.

## III. CONCLUSION

Based on the foregoing, defendant Velazquez's motion to withdraw his guilty plea, (Doc. 329), is **DENIED**. Watt's motion to withdraw as defendant Velazquez's defense counsel and for appointment of substitute counsel, (Doc.

330), is **GRANTED**. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 13, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2015 CRIMINAL MEMORANDA\15-0214-01.wpd