**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **CRIMINAL NO. 3:15-CR-214** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOSE VELAZQUEZ,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant, who is imprisoned at the Federal Correctional Institution at Otisville, New York, has filed a motion challenging his sentence. (Doc. 1128). He originally filed a petition for a writ of habeas corpus under 28 U.S.C. §2241 in the United States District Court for the Southern District of New York. (S.D.N.Y. Case No. 23-CV-5828). Because he challenges his sentence, the court construed his motion as one under 28 U.S.C. §2255, not under §2241. (Doc. 1128-1). Because a motion under §2255 must be brought in the district court of conviction and sentencing, the court transferred Defendant's motion here. (Id.).

Defendant plead guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, Percocet, and More Than 100 Grams of Heroin under 21 U.S.C. §846, and one count of Sex Trafficking by Force and Coercion under 18 U.S.C. §1591(a), (b)(1), and (b)(2). (Doc.

476). In November 2017, Defendant was sentenced to a term of imprisonment of 210 months. (Id.).

Defendant asserts that 18 U.S.C. §1591 is "Unconstitutionally Vague when applied to adult prostitution and does not match Congressional Intent." (Doc. 1128 at 11). He argues that, despite the statute's language to the contrary, legislative history demonstrates that Congress did not intend that this law apply to trafficking of adults, or at least intended that the higher minimum sentence imposed by §1591(b)(1) apply only where victims were under the age of 14. Specifically, he cites statements made in debates on the floor of Congress preceding the passage of the Victims of Trafficking and Violence Protection Act of 2000 which he believes indicate such intent.

Under 28 U.S.C. §2255, a prisoner in federal custody may move the sentencing court to "vacate, set aside or correct" his sentence on the ground that it "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. §2255(a). A 1-year limitation period applies to a §2255 motion; this period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Defendant does not allege that governmental action prevented him from making his motion earlier, that the Supreme Court has newly recognized the right he asserts, or that the facts supporting the claim he presents could not have been discovered through the exercise of due diligence until after his sentence became final. Therefore, the 1-year period of limitations began to run on the date Defendant's sentence became final.

If a defendant does not pursue a timely direct appeal of his conviction and sentence, his conviction and sentence "become final" within the meaning of §2255 "on the date on which the time for filing such an appeal expired." *Kapral v. U.S.*, 166 F.3d 565, 577 (3d Cir. 1999). A criminal defendant has 14 days from the entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). Here, the judgment of sentence was on November 15, 2017, so the time for filing a direct appeal of this judgment expired on November 29, 2017. Defendant filed his motion in the Southern District of New York on July 5, 2023, outside the 1-year limitation period. Therefore, Defendant's motion is time-barred under 28 U.S.C. §2255(f).

The court also agrees with the government that, even if Defendant's claim were not time-barred, it is meritless. (Doc. 1131 at 12). The provisions under which Defendant plead guilty provide:

> §1591. Sex trafficking of children or by force, fraud, or coercion
>> (a) Whoever knowingly—
>>> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or
>>> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>> knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).
>> (b) The punishment for an offense under subsection (a) is—
>>> (1) if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, or obtained had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
>>> (2) if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, or obtained had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

- 4 -

18 U.S.C. §1591.

The offense defined by 18 U.S.C. §1591(a), as well as the conditions defined by §1591(b)(1) that result in a minimum punishment of 15 years' imprisonment, unambiguously apply both to sex trafficking of adults and to sex trafficking of children. "Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language. Only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language." *Salinas v. United States*, 522 U.S. 52, 57 (1997). Defendant cites statements of legislators discussing the need for the imposition of harsh punishments on those who commit these crimes against young girls. The court concludes that Defendant has not made an extraordinary showing of contrary intentions.

An appeal from a final order in a proceeding under 28 U.S.C. §2255 may not be taken unless a certificate of appealability has been issued. 28 U.S.C. §2253(c)(1)(B). "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* §2253(c)(3). Because Defendant's legal argument is meritless, the court concludes that he has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

For the foregoing reasons, Defendant's motion to vacate his sentence, (Doc. 1128), will be denied. A certificate of appealability will not issue. An appropriate order follows.


*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 8, 2023**
15-214-10

- 6 -